UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, ex rel. GORDON F.B. ONDIS, Relator,

v.

CITY WOONSOCKET, RHODE ISLAND; SUSAN D. MENARD, in her individual and official capacities; JOEL D. MATHEWS, in his individual and official capacities; PAULETTE MILLER, in her individual and official capacities; OWEN T. BEBEAU, in his individual and official capacities; MICHAEL ANNARUMMO, in his individual and official capacities, Defendants.

CA 07 150T

C.A. No.05-10312-MLW

I hereby certify on 4-27-07 that the foregoing document is true and correct copy of the electronic docket in the captioned case electronically filed original filed on 3-28-07 original filed in my office on
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: Deputy Clerk

MEMORANDUM AND ORDER

WOLF, D.J. March 28, 2007

This is a qui tam action under the False Claims Act, 31 U.S.C. §3729 et seq. The United States has not intervened. Relator Gordon F. B. Ondis alleges that the defendants, the City of Woonsocket, Rhode Island, its Mayor Susan D. Menard, and various other Woonsocket officials, repeatedly misrepresented to the United States Department of Housing and Urban Development ("HUD") that the City would encourage the expansion of affordable housing in order to obtain HUD funds. The Relator contends that defendants have, since 1995, actually had a policy of discouraging the development of affordable housing in Woonsocket.

The defendants moved to dismiss this case. A hearing on that contested motion was held on January 31, 2007. For the reasons

49

described at the hearing, some of the Relator's claims were dismissed. See February 1, 2007 Order. The court ordered supplemental submissions on the issues of whether subject matter jurisdiction does not exist because this case is based on public disclosures, see 31 U.S.C. §3730(e)(4)(a), and whether this case should be transferred to the District of Rhode Island pursuant to 28 U.S.C. §1404(a). Id.

Those submissions have been made. The Relator opposes transfer because the District of Massachusetts has more experience with False Claims Act cases than the District of Rhode Island, Boston is more convenient for the HUD officials who received the allegedly false claims and might be called to testify at trial, and "the United States Attorney in Boston has now invested considerable time in reviewing documents provided by Relator and continues to monitor the case." Relator's Mem. of Law in Opposition to Sua Sponte Transfer of Action at 2. The defendants' request that this court decide the motion to dismiss for lack of subject matter jurisdiction and transfer the case to the District of Rhode Island if the motion is denied. However, for the reasons described below, the court concludes that a transfer to the District of Rhode Island is appropriate and that it should occur immediately.

28 U.S.C. §1404(a) states that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

"It is well settled that a court may transfer a case sua sponte pursuant to 28 U.S.C. §§1404(a) . . . ." Desmond v. Nynex Corp., 1994 WL 577479, *3 (1st Cir. 1994).

The court recognizes that generally "there is a strong presumption in favor of plaintiff's choice of forum." Coady v. Ashcraft-Geral, 223 F.3d 1, 11 (1st Cir. 2000). However, "[w]here the operative facts of the case have no material connection with this district, plaintiff's choice of forum carries less weight." Goodman v. Schmalz, 80 F.R.D. 296, 302 (E.D.N.Y. 1978). As Professors Wright, Miller, and Cooper have explained:

> the plaintiff's venue choice is to be given less weight if he or she selects a district court with no obvious connection to the case or the plaintiff is a nonresident of the chosen forum or neither element points to that court. Although not universally followed by other courts, this approach is one of sound judicial administration and reflects good common sense.

15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d §3848 at 134-39 (2007).

The fundamental concern manifest in §1404(a) is that litigation be conducted in the federal court which will best serve the "interest of justice." Venue exists in the District of Massachusetts because allegedly false claims were mailed to HUD officials in Boston. However, this case arises out of a political dispute concerning whether the City of Woonsocket is appropriately supporting the development of affordable housing. All events except the receipt of the allegedly false claims occurred in Rhode

Island. It is in the interest of justice that the litigation of this case, which calls into question the conduct of public officials, be as accessible as possible to the voters of Woonsocket and to the media most likely to inform them about this case. The conduct of this case in Rhode Island will also permit those affected by it to more easily "'monitor the functioning of our courts, thereby insuring quality, honesty, and respect for our legal system.'" Federal Trade Commission v. Standard Financial Management, 830 F.2d 404, 410 (1st Cir. 1987) (quoting In the Matter of Continental Illinois Security Litigation, 732 F.2d 1302, 1308 (7th Cir. 1984)). These considerations weigh in favor of a transfer to the District of Rhode Island.

The convenience of the witnesses also strongly favors a transfer to the District of Rhode Island.

> The convenience of the witnesses is "[p]robably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C.A. 1404(a)." 15 Wright, Miller & Cooper, Federal Practice and Procedure 2d § 3851 at 415 (1986). See also e.g., Saminsky v. Occidental Petroleum Corp., 373 F. Supp. 257, 259 (S.D.N.Y. 1974). ("The most significant factor to be considered is the convenience of party and non-party witnesses."); Houk v. Kimberly-Clark Corp., 613 F. Supp. 923, 929 (W.D. Mo. 1985) ("The convenience of witnesses is said to be a primary, if not the most important, factor in passing on a motion to transfer under 1404(a)."). "In analyzing the convenience of the witnesses, the Court must consider not only the number of potential witnesses located in the transferor and transferee districts, but also the nature and quality of their testimony and whether they can be compelled to testify." Ratner v. Hecht, 621 F. Supp. 378, 382 (N.D. Ill. 1985).

Brant Point Corporation v. Poetzsch, 671 F. Supp. 2, 3 (D. Mass. 1987).

The Relator has not identified a single witness from Massachusetts he definitely intends to call at any trial, let alone described the nature of his or her testimony. In contrast, according to the defendants' affidavits, all of the individual defendants reside and are employed in Woonsocket, Rhode Island. Other potential named witnesses, including Woonsocket municipal employees Joyce Peno and Roger Sawyer (Comp. ¶22), Housing Inspectors Thomas Koback, Sr. and Leo Cote (Comp. ¶22), Leslie McKnight of the Rhode Island Housing Authority (Comp. §122), and manager of Woonsocket Village Ronald P. Trottier (Comp. §123), appear to have worked in Woonosocket during the relevant period.

Indeed, the complaint does not name a single person who was not employed in Rhode Island. Even the Relator, who lives and works in Rhode Island, has stronger ties to Rhode Island than to Massachusetts. As the complaint notes, the Relator's company, HEDCO, "owns and operates approximately three hundred (300) units of housing within the City of Woonsocket" and is currently "the single largest provider of large family housing units in Woonsocket." Comp. ¶¶8, 120.

Therefore, the District of Rhode Island will be the most convenient venue for the foreseeable witnesses. Moreover, the credibility of the witnesses is likely to be important if this case

goes to trial. It is more likely that they can, if necessary, be compelled to testify, and have their live testimony assessed by a jury, in Rhode island than in Massachusetts. Therefore, the important interests relating to the witnesses strongly favor a transfer to Rhode Island.

The only individuals now involved in this case who are not from Rhode Island are the parties' counsel. However, "[t]he word 'counsel' does not appear anywhere in §1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under §1404(a)." In re Volkswagen AG, 371 F.3d 201 (5th Cir. 2004). See also Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 18 (D. Mass. 1991)("No cases articulate the convenience of counsel is a consideration in deciding a motion to transfer pursuant to §1404(a)").

The Relator argues that retaining this case in the District of Massachusetts will make it easier for the United States Attorney in Boston to monitor. However, the United States has declined to intervene. The United States Attorney has not expressed a preference as to where the case is litigated. In any event, if sufficiently interested, the United States Attorney for the District of Massachusetts can easily access electronically submissions made in the District of Rhode Island and travel to Providence to attend hearings without much inconvenience. The interests of the citizens of Woonsocket in convenient access to

this case which were discussed earlier outweigh any countervailing interest the United States Attorney in Boston may possibly have.

Finally, the judges of the District of Rhode Island are fully capable of deciding the issues presented by this case. As all events occurred in Rhode Island, all witnesses are in Rhode Island, and the citizens of Woonsocket have a strong interest in monitoring this case, the court is persuaded that those judges and, if necessary, a Rhode Island jury should decide this case.

The court is also persuaded that it is most appropriate to transfer this case now rather than after deciding the defendants' claim that subject matter jurisdiction does not exist because this case is based on "public disclosures" within the meaning of 31 U.S.C. §3730(e)(4)(A). The court did on January 31, 2007 decide several relatively straightforward issues before recognizing and suggesting that this case should perhaps be transferred to the District of Rhode Island. This court has done some work on the remaining issue, but the supplementary submissions demonstrate that more needs to be done to decide it. In view of the considerations that convince the court that the District of Rhode Island is the proper venue for this case, it is most appropriate to permit a judge in that District to decide whether this case survives the defendants' pending motion to dismiss for lack of subject matter jurisdiction.

Accordingly, it is hereby ORDERED that, pursuant to 28 U.S.C.

§1404(a), this case is TRANSFERRED to the District of Rhode Island.

UNITED STATES DISTRICT JUDGE