UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,
*ex rel.* GORDON F.B. ONDIS,
Plaintiff,

v.

CITY OF WOONSOCKET, RHODE ISLAND; SUSAN D. MENARD, in her capacity as Mayor of the City of Woonsocket; JOEL D. MATHEWS, in his capacity as Director of Planning and Community Development of the City of Woonsocket; PAULETTE MILLER, in her capacity as Assistant Director of Planning and Community Development of the City of Woonsocket; OWEN T. BEBEAU, in his capacity as Director of Human Services of the City of Woonsocket; MICHAEL ANNARUMMO, in his capacity as Director of Administration and Director of Public Works of the City of Woonsocket;
Defendants.

CIVIL NO. 07-CV-00150-T-DLM

**DEFENDANTS' REPLY TO RELATOR'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTION TO DISMISS**

## I. Relator Again Fails to Establish the Sufficiency of His Allegations Under Rule 9(b)

In his Supplement, Relator again attempts to hide the deficiencies of his Complaint behind disconnected allegations and irrelevant details. In doing so, Relator again ignores the Rule 9(b) requirement to identify a specific false claim.[1] Relator, instead, points to the same list of disconnected alleged policy statements. See Relator's Supplement at 3-4 ("Such transactions

[1] Relator incorrectly and misleadingly suggests that Judge Wolf resolved the Rule 9(b) issue when, in fact, Judge Wolf transferred the case to this Court expressly without ruling on the motion to dismiss or this issue, in particular. Contrast Relator's Supplement at 2 (citing id. Ex. 1) (quoting Judge Wolf's "tentative views" from the beginning of the hearing on the motion to dismiss, prior to oral argument on the issue), with 1/31/07 Tr., attached at Tab A, at 62 (Judge Wolf indicating at the conclusion of the hearing that he "may think about [the 9(b) issue] further") and id. at 66 (Judge Wolf stating that his view on the Rule 9(b) issue was "still not final").

are the specific, false claims of Defendants contained in each of the consolidated and action plans filed with HUD beginning fiscal year 2000-2001 through fiscal year 2004-2005 ....” (quoting Complaint ¶ 8)).

In addition, Relator cites the same list of disconnected alleged quotations from the City’s HUD submissions without ever explaining specifically how such statements are false. Cf. United States ex rel. Garst v. Lockheed-Martin Corp., No. 98 C 5072, 2002 WL 1794004, at *3 (N.D. Ill. 2002), aff’d, 328 F.3d 374 (7th Cir. 2003) (“[R]elator offers reasons why he believes *all* of the listed claims are false, rather than explaining why each specific claim is false ….”). Exactly how, for example, do any of the events alleged that purportedly show Defendants’ secret “true” housing policy establish the falsity of the following alleged statement?

> Woonsocket is committed to reducing the number of families living in poverty. It is widely recognized that affordable housing must be linked with supportive social services or the cycle of homelessness and poverty will continue.

See Relator’s Supplement at 5, ¶ 8.[2] Relator incorrectly continues to believe that providing a certain quantity of names, dates, and quotations satisfies the Rule 9(b) requirement of stating specifically what is alleged to be false and how it is false. Compare Relator’s Supplement at 7 (“These many paragraphs of specific false statements constitute the specificity that Defendants find so lacking.”) with Defendants’ Supplement (Docket No. 10) at 14-16.

As Defendants explained at the status hearing on July 10, United States v. Neifert-White Co., 390 U.S. 228 (1968), on which Relator has continually relied, is inapposite. The Neifert-White Court addressed specifically whether the FCA requirement of a claim for money from the

---

[2] In addition, Relator, in his original source argument, continues to assert that his case originated “solely” from, and is in part proved by, the Mayor’s alleged statements regarding Section 8 housing when, as discussed with the Court at the July 10 status hearing, Section 8 is a federal program entirely distinct from and irrelevant to the programs at issue in Relator’s Complaint, such as Community Development Block Grants. See Relator’s Supplement at 10-11 (“Relator was in a unique position to appreciate and understand the significance of Defendant Menard’s words as she strode into one of his properties vowing to rid Woonsocket of Section 8 housing.”).

government includes loan applications. Id. at 230. The respondent in Neifert, quite unlike the Defendants' alleged conduct, had fraudulently and deliberately overstated prices submitted with loan applications (as opposed to making general policy statements in housing policy planning documents and reports). Id. The Court in no way addressed whether general policy statements may form the basis of an FCA case, nor did the Court relieve relators from the burden of identifying specific false claims and stating specifically how those claims are false. See id.

## II. Relator Continues to Misconstrue the "Public Disclosure-Original Source" Rule[3]

In his Supplement, Relator again asserts that Defendants have not cited a public record for every single incident cited as proof of the City's alleged secret "true" policy, when the relevant caselaw, the theory of Relator's Complaint, and Relator's burden clearly establish that Defendants need not do so. See Defendants' Supplement at 6-7. Moreover, Relator ignores the overwhelming weight of caselaw that expressly excludes collateral research, independent investigation, and background knowledge as bases for "original source" knowledge. See id. 8-12. Relator cites only two cases arising under very different circumstances in support of his contrary argument. Cf. United States ex rel. Hartigan v. Palumbo Bros., 797 F. Supp. 624, 630-31 (N.D. Ill. 1992) (holding that State of Illinois, which had a "direct relationship to, or interest in" alleged highway construction false claims, could constitute original source); United States ex rel. Lamers v. City of Green Bay, 168 F.3d 1013, 1017 (7th Cir. 1999) (relator observed relevant

[3] As with the 9(b) issue, Relator likewise misrepresents Judge Wolf's position on subject matter jurisdiction. Judge Wolf did not opine, as Relator wrongly suggests, that the motion to dismiss should be denied in this respect because discovery would be necessary. See Relator's Supplement at 2. While Judge Wolf initially expressed skepticism at the beginning of the hearing about his ability to resolve this issue (cited by Relator), Judge Wolf later candidly admitted that his initial analysis was "mistaken," that the issue had not "come into sharp focus for me until [Defendants' counsel's oral] argument" and that Judge Wolf was "considerably concerned about whether this court has subject matter jurisdiction." See 1/31/07 Tr., Tab A, at 51, 66, 67.

conduct "firsthand").[4]

Relator also again ignores Defendants' direct challenge to state where, if not from the public disclosures, he gained his knowledge of those events in his Complaint that he alleges indicate the City's alleged secret "true" policy and that are reported identically—in some cases verbatim—in the public record. See Defendants' Supplement at 9-10. Relator, incorrectly, acts as though he does not bear the burden on this issue, and retreats to his broad and conclusory assertion of sufficient allegations. See Relator's Supplement at 10 ("Paragraph 8 of the complaint ... identifies the basis of his conclusion" that he is an original source.).

Relator's trumpeting of the Supreme Court decision in Rockwell Int'l Corp. v. United States, 127 S. Ct. 1397 (2007), as support for his position is groundless. Rockwell provides Relator no support in this case: in Rockwell, the Court concluded that a relator need not have direct and independent knowledge of the information underlying a publicly disclosed allegation *if* "the relator has direct and independent knowledge of *different information* supporting the same allegation." Id. at 1407-08 (emphasis added). In this case, as Defendants have repeatedly emphasized, the relevant public disclosures and Relator's allegations are ***based upon the same information***. Cf. id. (distinguishing relator's prediction that manufacturing process would result in "insolid pondcrete" from reports about "insolid pondcrete" that resulted from that process).

Moreover, Rockwell only re-emphasized the stringent standards for establishing jurisdiction under the public disclosure-original source rule. See id. at 1410. Rockwell thus "lends credence to those courts which have read the public disclosure prong broadly, as a quick trigger, and the original source prong searchingly, because ... jurisdictional provisions are to be

[4] Relator also maddeningly restates the "X+Y=Z" formula, which purposely does not require prior disclosure of an allegation of a false claim, see United States ex rel. Springfield Terminal Rwy. Co. v. Quinn, 14 F.3d 645, 654-55 (D.C. Cir. 1994), only to then assert that there was "no allegation of fraud disclosed" before his action. See Relator's Supplement at 15.

construed narrowly." United States ex rel. Hockett v. Columbia/HCA Healthcare Corp., 2007 WL 2039544, at *13 (D.D.C. July 17, 2007) (discussing Rockwell).[5]

Respectfully Submitted,
**CITY OF WOONSOCKET, RHODE ISLAND; SUSAN D. MENARD; JOEL D. MATHEWS; PAULETTE MILLER; OWEN T. BEBEAU; and MICHAEL ANNARUMMO**
By their Attorneys,

/s/ Christopher Lambert__________
Christopher Lambert (No. 4396)
City Solicitor - City of Woonsocket
169 Main Street
Woonsocket, RI 02895
(401) 767-9201 / (401) 769-0316 fax
email: amathews@woonsocketri.org

Thomas E. Dwyer (Mass. BBO No. 139660)
Of Counsel
Michael B. Galvin (Mass. BBO No. 630515)
Admitted *pro hac vice*
Justin P. O'Brien (Mass. BBO No. 658765)
Admitted *pro hac vice*
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA 02210-2211
(617) 371-1000 / (617) 371-1037 fax
email: jobrien@dwyercollora.com

Dated: August 31, 2007

**CERTIFICATE OF SERVICE**

I, Christopher Lambert, certify that the foregoing document was filed electronically on August 31, 2007 using the ECF system, through which it is available for downloading and viewing, and was served electronically through ECF on the following counsel of record:

David C. Clarke
Blais Cunningham & Crowe Chester, LLP
150 Main St.
Pawtucket, RI 02860
Email: dclarke@blaislaw.com

Leon A. Blais
Blais, Parent & Quinn
Cabot Business Park, 20 Cabot Blvd.
Mansfield, MA 02048
Email: lblais@blaisparent.com

John P. McAdams
Assistant U. S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Email: john.p.mcadams@usdoj.gov

/s/ Christopher Lambert_
Christopher Lambert

84028_1

[5] Relator, in conclusion, again resorts to an illusory conspiracy theory of the City hiding its alleged secret "true" policy as establishing the validity of his claim. See Relator's Supplement at 15 (describing "critical overlay"). Although Relator asserts that this theory is "critical" to his case, it is legally irrelevant and Relator cites no authority that would indicate otherwise.