# TAB A

And so we'd suggest that -- and there's some case law to support this, that where the bulk of your sort of allegations are for the information that your allegations are based upon is in the public record and it's -- your allegations are based upon that information, um, then you don't get over the hump just by virtue of having brought in a couple of extra pieces of the puzzle.

THE COURT: Which cases do you have primarily in mind?

MR. O'BRIEN: The ***Kreindler*** case, Second Circuit, from 1993. I think that's the primary one, your Honor.

THE COURT: Okay.

MR. O'BRIEN: I believe I was trying to jot down all the points your Honor wanted me to address.

THE COURT: Well, I actually think you've brought an important one to my attention. I think I, in my tentative analysis, was mistaken on who has the burden of proof at this point and the extent to which I could rely on the allegations. I do think the ball is in the relator's court and now I have questions about whether what I've been given satisfies the relator's burden. So why don't I hear from Mr. Blais.

MR. O'BRIEN: If I could just circle back on

consult with our clients. Paulette Miller is here in the courtroom today, but she's one defendant who may not be in the case for much longer. The other client, because it's an entity, we need to report back and have their consideration. It is something that frankly we were surprised when we got it here.

As the Court noted, the majority of the witnesses would be Rhode Island-based witnesses. We have had conversations with relator's counsel with respect to the depositions that would take place in terms of the scheduling order. The people that he indicated, to my knowledge, all live in Rhode Island. So there are some very compelling --

THE COURT: Let me fine tune this, because I'm trying to be transparent and I'm not trying to avoid doing this. Some of these issues I think I can decide today. I'm not sure I can decide the subject matter jurisdiction issue without looking at it more closely. And I'm still not inclined, although I may think about it further, to dismiss on 9(b) grounds. But I do have concerns about whether I even have -- well, about the subject matter jurisdiction, which would also be an issue in Rhode Island, and if the relator wants to offer more evidence and -- and I've even got questions about -- at that point. Let's say I decided what I can decide

Woonsocket, Rhode Island, and a corporation cannot conspire with its employees when those employees are acting within the scope of their employment, nor can those employees acting in the scope of their employment conspire with each other, as held in ***United States ex rel. Heater vs. Holy Cross Hospital***, 206 District LEXIS 7569033, a 2006 Southern District of Florida case, which is consistent, I believe, with the reasoning of ***United States ex rel. Bartlett v. Tyrone Hospital, Inc.***, 234 Frd 113 at 128, a 2006 Western District of Pennsylvania case.

With regard to the charges in Count 1 against the Mayor and others in their official capacity, I remain of the tentative, but still not final view that the standards of Rule 9(b) are met. I am, however, considerably concerned about whether this court has subject matter jurisdiction.

The standard for determining jurisdiction is not the Rule 12(b)(6) standard that's generous to the plaintiff or relator. The newspaper articles that have been submitted raise a substantial question as to whether this case is based on public disclosure largely in the form of media reports and therefore this court lacks subject matter jurisdiction.

There is a burden on the party claiming

jurisdiction to show it, but this is what I want to do a little more work on, because the relator didn't even address this standard and this burden of proof in its brief and there are a lot of issues. I don't say that critically, I just make the observation, and the issue didn't come into sharp focus for me until Mr. O'Brien's argument.

But ***Hafter D.O.***, 190 F. 3rd 1156 to 1160, notes that there's a burden on the relator. I'm not intuitively confident that even this case states the standard correctly. In the personal jurisdiction area, there are two ways a court can determine personal jurisdiction if challenged in connection with a motion to dismiss. There's the usual way or the way used most frequently where the Court gets affidavits from the plaintiff and if they're sufficient, leaves the issue until after discovery for summary judgment. It's also possible to have a full blown hearing at this point. So I want to look at that more closely.

But I continue to have this vexing question as to whether I'm the right person to be deciding the -- but this is the right court, not am I the right person, but is this the right court because basically I think -- although not everything I've heard, but I continue to think that while it's permissible for the case to be