IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. VS. CITY OF WOONSOCKET, et al | C.A. NO. 07-150T<br>SEPTEMBER 6, 2007 10:07 A.M.<br>PROVIDENCE, RI |

BEFORE THE HONORABLE ERNEST C. TORRES,

SENIOR JUDGE

(Defendants' Motion to Dismiss)

FOR THE PLAINTIFF:

LEON A. BLAIS, ESQ.
Blais & Parent
Cabot Business Park
20 Cabot Boulevard
Mansfield, MA 02048

DAVID C. CLARKE, ESQ.
Blais Cunningham & Crowe Chester
150 Main Street
P.O. Box 1325
Pawtucket, RI 02860

that further augments our argument that this is a threshold question. Judge, I think we have--

THE COURT: So some of the statements that you cited, Mr. Blais, I don't really see their materiality. There was one statement I was looking for. I can't put my hands on it right now.

But one example was there was a statement quoted from the application, I think, that public-- something to the effect that public housing is a need in Rhode Island. I don't know how that could possibly be deemed a fraudulent statement because it doesn't seem to be any-- first of all, I would doubt very much that Mr. Ondis disputes the accuracy of the statement. And, secondly, I don't see how it could be the basis for a false claim.

So, in some respects, I think as Mr. O'Brien has said, the complaint suffers almost from an overinclusiveness. You've thrown everything but the kitchen sink in there, felt for some reason compelled to put in almost any statement the Defendants made that had the word "affordable housing" in them.

MR. BLAIS: Judge, I can assure you that, if you saw the pile of submissions that were made to HUD, you would realize that we have, in fact, been quite brief in all of this, so I know the complaint doesn't look that way, but let me just briefly-- and there's no question, Judge, that some

of these statements may be more or less important with regard to the false statement, but that one I'm sure was included because it is necessary for the City to assert its commitment to providing affordable and public housing.

THE COURT: But that statement doesn't have anything to do with any commitment-- that's no representation by the City that they would provide affordable housing. It's a simple statement that affordable housing is a need.

MR. BLAIS: On that particular one, Judge, but if you go back and look at the Statutory requirements, or the program requirements, both under the regulation and the statute, the overall policy of encouraging and nurturing housing, affordable private-- public housing is a requirement of the program, when, in fact, even though they said that, that wasn't the truth. We've learned later that wasn't the truth.

THE COURT: But that's not what that statement said. That statement-- the statement I'm talking about, and maybe I'm not quoting it accurately or getting the-- capturing it perfectly, but the gist of the statement was that affordable housing is a need in Rhode Island. I don't know--

MR. BLAIS: Judge, on that particular statement, that may be correct, it may be. But there are certainly

is the-- whether the complaint touches all the required bases; that is to say, whether it contains allegations sufficient to state a claim on which relief could be granted.

As far as the form of the complaint goes, there are two aspects to that. One is whether the complaint alleges fraud with sufficient specificity, as required by Rule 9(b). And, as I read Rule 9(b), Rule 9(b) requires two things. It requires that the complaint set forth the allegedly false statements, what were these statements? It's got to identify the statements, what was the statement, when was it made, who made it? And the second thing that Rule 9(b) requires is allegations as to how the statements were alleged to be false.

Now, I think certainly-- one of the problems here is the complaint is very lengthy and verbose, and I'll come back to the specificity aspect in a minute. The second aspect of the form issue is that Rule 8 requires that the complaint contain a short and plain statement of the facts being alleged.

And it's almost-- this complaint is almost-- almost presumptively fails that test. The complaint is 65 pages long, it has many subparts to it, and it certainly is not a short and plain statement of what's being alleged here.

Now, as far as the specificity requirement is

concerned, Rule 9(b), the complaint I think does identify the statements that the Relator claims are false and on which he bases his case. In fact, I'd say it's overly inclusive, Mr. Blais.

I think that there are many statements in there that could not be the basis for a qui tam action, and I alluded to one of them earlier, the statement that affordable housing is a need in Rhode Island. First of all, I don't think the Relator seriously contends that's a false statement.

And, secondly, it doesn't, at least as far as the complaint is concerned, it doesn't really show anything-- show that it was a misrepresentation that induced HUD to pay these block grants to the City of Woonsocket.

So it seems to me that the complaint is going to need to be redrawn, at least as to form. You're going to have to come up with a shorter and plainer statement of the facts that pare down what the allegedly false statements are and that explain how the statements are false.

And by that, I mean, again, to give an example by way of illustration, a statement that the sun rose this morning at 6:30 a.m., simply to say that's a false statement doesn't really tell the Defendant much. What's false, that the sun rose this morning or that the sun rose at 6:30 a.m.? You need to-- the complaint needs to allege, in order to

satisfy Rule 9(b), how the statement is false. What is it in that statement that was false?

Now we move to the sufficiency of the complaint. We have some other issues. In order to be sufficient, the complaint must allege facts that, if proven, would establish each and every element of the case. And, in a case like this, the elements of the case are, first of all, that the Defendant, or Defendants, knowingly made false statements in the application to HUD.

The second element is there have to be some allegations that the false statements were material. It doesn't matter if they made false statements if the false statements have nothing to do with the issuance of block grants.

The third element is that the agency, in this case HUD, must have relied on those false statements in making its decision to disburse the block grant funds to Woonsocket.

And the fourth element is that the agency must have suffered some loss as a result of this.

Now, again, the complaint, as it exists, if we parse through it, does satisfy some of those. It does set forth allegations or facts to support allegations as to some of those elements but not all of them. So it needs some work in that respect, as well.

As far as another aspect to the sufficiency question is whether the allegations are sufficient to establish a cause of action against some of the Defendants. And, as I've said, I think part of the problem here stems from some confusion as to what constitutes a false claim.

It appears from reading the complaint, as presently drafted, that the three Defendants I named earlier, Mathews, Bebeau and Annarummo, are included only because the contention is that they participated in what the Relator asserts was the City's true policy of discouraging affordable housing.

But that does not-- is not sufficient to state a claim against them under the False Claims Act. Whether they participated in that policy or even were the originators of the policy doesn't make them liable for making false misrepresentations to HUD in order to obtain these block grants.

There has to be some allegation, and it's got to be backed up by some evidence, that these individuals participated in making the false statement to HUD, not in participating in the policy that contradicted the statement, but in making the false statement to HUD. And at the present time, the complaint is utterly lacking in any allegation or alleged facts that would support that kind of a claim against those three Defendants.

It's somewhat questionable, although I think it maybe barely passes muster as to Defendant Paulette Miller, that it does allege that she signed some cover letters, but it's not clear what cover letters are referring to and what they covered.

So I'm going to grant the motion to dismiss the complaint, without prejudice to your right, Mr. Blais, to file an amended complaint within 20 days addressing these matters. And I hope that, that will at least get us on track to understand exactly what the claims are and who they're being asserted against.

And then, once we get that squared away, I think we'll proceed to the next-- assuming we get that squared away, we'll proceed to the next question, which is the jurisdictional question, which sounds to me like it expands it a little bit, at least from what I originally understood it to be.

All right. The Court will be in recess.

(The proceeding was concluded at 10:45 a.m.)