UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* GORDON F.B. ONDIS, Plaintiff, | |
| v. | CIVIL NO. 07-CV-00150-T-DLM |
| CITY OF WOONSOCKET, RHODE ISLAND and SUSAN D. MENARD, in her capacity as Mayor of the City of Woonsocket, Defendants. | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**
**LIMITING TESTIMONY AT MARCH 18 EVIDENTIARY HEARING**

Defendants City of Woonsocket ("City") and Susan D. Menard move for a protective order to limit testimony at the evidentiary hearing on Defendants' Motion to Dismiss, scheduled for March 18, 2008. Specifically, Defendants seek (1) to preclude Relator from compelling testimony at the hearing from Mayor Susan Menard, Ms. Paulette Miller, and Mr. Joel Matthews, each of whom has received a subpoena from Relator's counsel to appear at the hearing, and (2) to preclude Relator from seeking testimony from attorney Justin P. O'Brien, counsel for Defendants, whose presence at the hearing Relator has requested. Given the narrow scope of the single-issue hearing, Relator's effort to secure the testimony from any of these individuals is entirely inappropriate.

**Background**

After this Court dismissed Relator Gordon F.B. Ondis's original complaint, Relator filed his First Amended Complaint alleging that Defendants violated the federal False Claims Act ("FCA"). Defendants moved to dismiss the First Amended Complaint on three grounds, and the

Court denied Defendants' motion as it related to Fed R. Civ. P. 8 and 9(b) but deferred judgment on whether the Court has subject matter jurisdiction over the First Amended Complaint under the "public disclosure-original source rule" of the FCA, 31 U.S.C. § 3730(e)(4)(a). See Memorandum and Order dated Jan. 31, 2008 (Dkt. 22) ("Jan. 31 Order") at 10. The Court scheduled an evidentiary hearing to address this issue—and only this issue—for March 18.

Relator has previously proffered evidence in this case on this subject. In addressing Defendants' original Motion to Dismiss while the case was still pending in the District of Massachusetts, Judge Mark Wolf invited counsel for Relator to submit an affidavit from Relator that would support his effort to establish that he meets the public disclosure-original source requirements. See Jan. 31, 2007 Trans. (pre-transfer hearing in this matter in the District of Massachusetts) at 66-67, 69-70 (attached at Tab A). Counsel for Relator responded by filing three affidavits: one each from Relator, Attorney Leon Blais, and Lee Matthews describing Relator's purported "expertise" on federal housing funds and the "investigation" that underlay his allegations. See Affs. attached to Relator's Supplemental Memorandum of Law Regarding Subject Matter Jurisdiction (Feb. 9, 2007) (D. Mass. Dkt. 45). Relator has previously asserted that these affidavits, combined with the allegations in his complaint, satisfied his burden under the public disclosure-original source rule. See Relator's Supplemental Memorandum of Law (D. Mass. Dkt. 45) (citing and appending affidavits); Jan. 31, 2007 Trans. at 52 (attached at Tab A) (Attorney Blais asserting to Judge Wolf that "[w]e have met that burden").

Since this Court scheduled the March 18 hearing, however, counsel for Defendants has learned that Relator intends to broaden the scope of the hearing well beyond these three affiants. Counsel for Defendants learned that three employees of Defendant City (Mayor Menard, Ms. Miller, and Mr. Joel Matthews) had received subpoenas from counsel for Relator to appear at the

March 18 hearing. Notably, Relator had originally named each of these three as a Defendant in this matter, both in their individual and official capacities (although all claims against Ms. Miller and Mr. Matthews, and all claims against Mayor Menard in her individual capacity, have been dismissed). See Order dated Feb. 1, 2007 (Wolf, J.) (D. Mass. Dkt. 44) at 2 (dismissing all claims against defendants in their individual capacities); First Amended Complaint (Oct. 1, 2007) (Dkt. 14) (omitting claims against Ms. Miller and Mr. Matthews that appeared in original complaint).

Counsel for Defendants also received an email from counsel for Relator inquiring whether Justin P. O'Brien, counsel for Defendants, would be available at the March 18 hearing to testify. Relator purportedly seeks Attorney O'Brien's testimony in relation to the affidavit that Attorney O'Brien submitted with Defendants' original Motion to Dismiss in the District of Massachusetts. See Aff. of Justin P. O'Brien, Esq. in Support of Motion to Dismiss (May 19, 2006) (D. Mass. Dkt. 27). Unlike the affidavit of Attorney Blais, which contains a substantive description of the "investigation" into the complaint's allegations, the sole purpose of Attorney O'Brien's affidavit was to append multiple articles from *The Call* newspaper in Woonsocket, Rhode Island, reporting on nearly all of the events that form the basis of the allegations in Relator's complaint, and to attest that each is a "true and correct copy." See id.; see also Blais Aff. (Feb. 9, 2007) (D. Mass. Dkt. 45).

In an effort to clarify the narrow scope of the March 18 hearing and to reach an agreement that would prevent unnecessary and inappropriate testimony, counsel for Defendants contacted counsel for Relator. In that communication, counsel for Relator indicated his intent to expand the March 18 hearing still further and to call as many as 8 witnesses: Mayor Menard, Ms. Miller, Mr. Joel Matthews, Attorney O'Brien, a local television news reporter, a witness who

"would testify regarding Relator's status as an original source," Lee Matthews (whose affidavit, as noted above, was previously filed), and Relator. Moreover, counsel for Relator did not, when asked, provide any explanation as to what Mayor Menard, Ms. Miller, or Mr. Joel Matthews could specifically add to Relator's ability to meet his jurisdictional burden.

## Argument

### I. Testimony from Mayor Menard, Ms. Miller, and Mr. Matthews Is Entirely Unnecessary and Irrelevant to the Narrow Jurisdictional Subject of the Hearing.

The March 18 hearing is scheduled to address only whether the Court has subject matter jurisdiction regarding Relator's First Amended Complaint under the public disclosure-original source rule. See Jan. 31 Order at 10. Accordingly, the only, narrow issues to be resolved are (1) whether the alleged "critical elements exposing the transaction as fraudulent" were in the "public domain" before Relator filed his complaint, see United States ex rel. Feingold v. AdminiStar Fed., Inc., 324 F.3d 492, 495 (7th Cir. 2003), and (2) if so, whether the relator "qualifies as an original source" under the jurisdictional bar, see United States ex rel. O'Keefe v. Sverdup Corp., 131 F. Supp. 2d 87, 94 (D. Mass. 2001). As Relator's counsel has previously acknowledged, Relator bears the burden of establishing subject matter jurisdiction under the public disclosure-original source rule. See Jan. 31, 2007 Transcript at 52 (attached at Tab A).

Relator, however, cannot possibly require the testimony of any of the City employees to meet his burden. First, none of these individuals is necessary to Relator's "public disclosure" argument. By the newspaper articles filed previously with the Court, and with similar materials that counsel for Defendants intends to present at the March 18 hearing, Defendants submit that they will establish *prima facie* that the "critical elements" of Relator's allegations constituted public disclosures. See O'Brien Aff. (D. Mass. Dkt. 27) (appending newspaper articles). The only issue in dispute at the hearing, then, will be whether Relator can somehow establish that

these materials do not actually constitute "public disclosure" of the related events, or that, *as a matter of law*, this "public disclosure" is somehow insufficient to meet the requirements of the jurisdictional provision of the FCA. See U.S.C. § 3730(e)(4)(a). It is completely unclear what relevant and necessary testimony Mayor Menard, Ms. Miller, or Mr. Joel Matthews could possibly provide on these subjects.

Similarly, Relator's "original source" burden solely concerns how he obtained the information contained in his allegations. See § 3730(e)(4)(B). To establish that he is an original source, Relator must establish that he had "direct and independent knowledge of the information on which the allegations are based." Id. His burden, therefore, depends entirely upon evidence that he may present regarding his own knowledge and activities—not those of anyone else or, more specifically, the three City employees. Indeed, the opportunity to proffer evidence on precisely this point was the whole purpose of the affidavits that Relator filed in the District of Massachusetts. See Ondis, Matthews, and Blais Affs. (D. Mass. Dkt. 45).

In accordance with Relator's previous arguments, Relator's ability to meet the jurisdictional standard of the FCA should succeed or fail within the scope of his own allegations and any evidence and argument regarding what he did to compile those allegations. See generally Relator's Supplemental Memorandum of Law (D. Mass. Dkt. 45). Relator's only purpose in issuing subpoenas to the three City employees must be to expand the evidentiary hearing well beyond its intended scope and to convert it into a lengthy opportunity to explore issues unrelated to subject matter jurisdiction. Relator should not be allowed to transform this narrow evidentiary hearing into a mini-trial on the merits of his case, or to obtain discovery unrelated to the public disclosure-original source issue while the Defendants' Motion to Dismiss is pending. In light of the foregoing, Defendants submit that a protective order is necessary and

appropriate to protect the three subjects "from annoyance, embarrassment, oppression, or undue burden or expense." See Fed. R. Civ. P. 26(c).

## II. Testimony from Attorney O'Brien is Similarly Inappropriate, Unnecessary, and Irrelevant.

Counsel for Relator has also requested that Attorney O'Brien be available to testify at the March 18 hearing. Again, the sole purpose of Attorney O'Brien's affidavit was to append the newspaper articles that report on nearly all of the events that form the basis of Relator's allegations. See O'Brien Aff. (D. Mass. Dkt. 27). As noted above, these articles establish *prima facie* that these events were "public disclosures" under the rule. See id.

It is, of course, highly unusual and completely inappropriate, in general, for one party to seek testimony from counsel for an opposing party. Moreover, on a Rule 12(b) motion, the Court may appropriately take judicial notice of matters in the public record, including newspaper articles, even without a full evidentiary hearing. See Greene v. Rhode Island, 398 F.3d 45, 48 (1st Cir 2005); Am. Glue & Resin, Inc. v. Air Prods. & Chems., Inc., 835 F. Supp. 36, 40 (D. Mass. 1993) ("On a motion to dismiss the Court is free to take judicial notice of certain facts that are of public record if they are provided to the court by the party seeking to have them considered." (citation omitted)); Bannon v. Edgewater Med. Ctr., 406 F. Supp. 2d 907, 919 & n. 16 (N.D. Ill. 2005) (noting that court may take judicial notice of newspaper articles in connection with jurisdictional issue on FCA claim). Thus, there is no legitimate purpose to be served from seeking the testimony of Attorney O'Brien, and a protective order is appropriate. See Fed. R. Civ. P. 26(c).

## Conclusion

For the reasons outlined above, Defendants respectfully move that the Court issue a protective order that:

1. Precludes Relator from seeking the testimony of Mayor Susan Menard, Ms. Paulette Miller, and Mr. Joel Matthews at the evidentiary hearing in this matter scheduled for March 18, 2008; and
2. Precludes Relator from seeking the testimony of Attorney Justin P. O'Brien, counsel for Defendants, at the evidentiary hearing scheduled for March 18, 2008.

Respectfully Submitted,

**CITY OF WOONSOCKET, RHODE ISLAND and SUSAN D. MENARD in her capacity as Mayor of the City of Woonsocket,**
By their Attorneys,

/s/ Christopher Lambert
Christopher Lambert (No. 4396)
City Solicitor - City of Woonsocket
169 Main Street
Woonsocket, RI 02895
(401) 767-9201 / (401) 769-0316 fax
email: amathews@woonsocketri.org

Michael B. Galvin (Mass. BBO No. 630515)
Admitted *pro hac vice*
Justin P. O'Brien (Mass. BBO No. 658765)
Admitted *pro hac vice*
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA 02210-2211
(617) 371-1000 / (617) 371-1037 fax
email: jobrien@dwyercollora.com

Dated: March 5, 2008

**RULE 26(c) CERTIFICATION**

I, Christopher Lambert, certify that counsel for Defendants has in good faith conferred with counsel for Relator in an effort to resolve the dispute without court action.

/s/ Christopher Lambert_
Christopher Lambert

**CERTIFICATE OF SERVICE**

I, Christopher Lambert, certify that the foregoing document was filed electronically on March 5, 2008 using the ECF system, through which it is available for downloading and viewing, and was served electronically through ECF on the following counsel of record:

David C. Clarke
Blais Cunningham & Crowe Chester, LLP
150 Main St.
Pawtucket, RI 02860
Email: dclarke@blaislaw.com

Leon A. Blais
Blais, Parent & Quinn
Cabot Business Park, 20 Cabot Blvd.
Mansfield, MA 02048
Email: lblais@blaisparent.com

John P. McAdams
Assistant U. S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Email: john.p.mcadams@usdoj.gov

/s/ Christopher Lambert_
Christopher Lambert