one last point to close out where I started, your Honor. The ***Kreindler*** case as well, the Second Circuit case, specifically addresses the point that public disclosure ultimately is a question of whether the information is available to anyone who wants to find it? And given what's out there, as we've established through the newspaper articles in the public record, um, in combination with what was submitted to HUD and is available to anyone who, quote, unquote, "wants to find it," I submit that we've gotten over the public disclosure test. Thank you, your Honor.

MR. BLAIS: Thank you, your Honor. We have met that burden.

THE COURT: Do you accept that you have the burden at this point?

MR. BLAIS: Judge, I think that ultimately the burden is there anyway, whether it's here today or tomorrow or whatever. I mean, the facts in the path are not going to change.

It is absolutely the case here that this matter was based upon, this allegation was based upon the knowledge of the relator, because of his unique background and experience, together with some investigative work that he did subsequently. And that's allowed in the cases. That would be irresponsible if

Woonsocket, Rhode Island, and a corporation cannot conspire with its employees when those employees are acting within the scope of their employment, nor can those employees acting in the scope of their employment conspire with each other, as held in ***United States ex rel. Heater vs. Holy Cross Hospital***, 206 District LEXIS 7569033, a 2006 Southern District of Florida case, which is consistent, I believe, with the reasoning of ***United States ex rel. Bartlett v. Tyrone Hospital, Inc.***, 234 Frd 113 at 128, a 2006 Western District of Pennsylvania case.

With regard to the charges in Count 1 against the Mayor and others in their official capacity, I remain of the tentative, but still not final view that the standards of Rule 9(b) are met. I am, however, considerably concerned about whether this court has subject matter jurisdiction.

The standard for determining jurisdiction is not the Rule 12(b)(6) standard that's generous to the plaintiff or relator. The newspaper articles that have been submitted raise a substantial question as to whether this case is based on public disclosure largely in the form of media reports and therefore this court lacks subject matter jurisdiction.

There is a burden on the party claiming

jurisdiction to show it, but this is what I want to do a little more work on, because the relator didn't even address this standard and this burden of proof in its brief and there are a lot of issues. I don't say that critically, I just make the observation, and the issue didn't come into sharp focus for me until Mr. O'Brien's argument.

But ***Hafter D.O.***, 190 F. 3rd 1156 to 1160, notes that there's a burden on the relator. I'm not intuitively confident that even this case states the standard correctly. In the personal jurisdiction area, there are two ways a court can determine personal jurisdiction if challenged in connection with a motion to dismiss. There's the usual way or the way used most frequently where the Court gets affidavits from the plaintiff and if they're sufficient, leaves the issue until after discovery for summary judgment. It's also possible to have a full blown hearing at this point. So I want to look at that more closely.

But I continue to have this vexing question as to whether I'm the right person to be deciding the -- but this is the right court, not am I the right person, but is this the right court because basically I think -- although not everything I've heard, but I continue to think that while it's permissible for the case to be

dismissed, it's for lack of subject matter jurisdiction and that would be a matter of legitimate public interest and I think the public would be able to learn about it better and observe it more closely if the issue is decided in Rhode Island.

So those are my present thoughts. I'll issue an order that memorializes the conclusions I've reached and identifies the issues I've left open. It may take a couple of days for you to get that order. So you should start thinking about --

MR. DWYER: Just that one question?

THE COURT: Yeah, essentially who do you think should decide subject matter jurisdiction, the District of Massachusetts or the District of Rhode Island?

MR. DWYER: And you don't want us to deal with the alternative and that is the play-out of that, whether it's this district or not?

THE COURT: Well, you can, but --

MR. DWYER: We might have a different position.

THE COURT: Right. You might say I should decide the first and then it should go to Rhode Island.

MR. DWYER: Right.

THE COURT: Okay.

MR. BLAIS: Your Honor, just some

clarification on the issue of subject matter jurisdiction and how that will work. We've made an offer of proof --

THE COURT: Well, you haven't made an offer of proof. You told me you would if I gave you a chance. In a way you had a chance.

MR. BLAIS: May I make the offer of proof, your Honor?

THE COURT: Well, let me see.

(Pause.)

THE COURT: I think what you can do is by a week from today, because this has been pending for a while, file an affidavit from your client. But if I'm going to take that, you ought to do some further -- you all ought to give me a memo a week from today, too, on what the standard is, because I haven't laid my hands on Judge Lindsay's case yet. But if you look in the First Circuit cases for personal jurisdiction, at least, there are two levels of scrutiny that a judge might use at this point. The judge might say "Well, if this affidavit is sufficient, so I'm letting the case go on and we'll deal with jurisdiction again at summary judgment and perhaps at trial if there are disputed facts, or if there were personal jurisdiction, I would have the discretion to conduct the hearing." At the