UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* GORDON F.B. ONDIS<br><br>Plaintiff / Relator,<br><br>vs.<br><br>CITY OF WOONSOCKET, RHODE ISLAND; and SUSAN D. MENARD, in her capacity as Mayor of the City of Woonsocket, Rhode Island<br><br>Defendants. | ) | C.A. No. 07-150T |

**MEMORANDUM OF LAW IN SUPPORT OF RELATOR'S OBJECTION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

In support of his Objection Relator herewith avers and argues as follows:

It seems that Defendants have read a court order different from that reviewed by Relator in advance of the evidentiary hearing docketed for March 18, 2008.

That order is quite clear that the Court wishes to hear evidence to attempt to reconcile the two distinctly different versions of pertinent facts: that Gordon Ondis is an original source and that there has been no proscribed public disclosure asserted by Relator and the contrary view espoused by Defendants. Memorandum and Order, 10. The necessity of this evidence flows directly from the roadmap for analysis in Pfizer cited by this Court. Memorandum and Order, 9-10.

Relator believes that, in order to meet its burden and to provide the Court with the evidence necessary to make findings of fact, testimony must be adduced both as to the status of Mr. Ondis, the history of the basis of the present litigation and the falsity of

representations previously made to the Court by Defendants. Indeed, Mr. Ondis intends to prove jurisdiction of the Court by provision of both affirmative evidence as to such jurisdiction and evidence of the falsity of representations made to the Court in an attempt to challenge that jurisdiction

**A. The Motion for Protective Order seeks to block scrutiny of representations to the Court regarding public disclosure.**

As the Court has correctly concluded Defendants have repeatedly advised Court that **ALL** of the allegations contained in Relator's Complaint has been previously disclosed via a means that would deprive this Court of jurisdiction if Relator Ondis is not an original source. "Here, the Defendants assert that **all** of the information on which Ondis' First Amended Complaint is based previously had been disclosed publicly" (emphasis added). Memorandum and Order, 10.

The pending motion seeks to block testimony of the three city officials who have direct responsibilities and knowledge of the Community Development Block Grant Program which is at the heart of Relator's complaint. If these individuals are not required to testify as to the alleged disclosures claimed by Defendants there will be no way to determine the veracity of the claims made by Defendants in these proceedings.

**B. While arguing that the scope of the upcoming hearing should be limited to Relator's presentation regarding the origin of his lawsuit, Defendants have at the same time indicated their intention to submit additional materials to the Court regarding alleged public disclosure.**

"By the newspaper articles filed previously with the Court, and with similar materials that counsel for Defendants intends to present at the March 18 hearing,

Defendants submit that they will establish *prima facie* that the **"critical elements"** of Relator's allegations constituted public disclosures. See O'Brien Aff. (D. Mass. Dkt. 27) (appending newspaper articles)." (emphasis added) Def's Memo, 4.

While it is significant to note that Defendants appear to be trying to back off their previous contentions to the Court regarding the alleged totality of public disclosure, most problematic is the stated intention of proffering additional "evidence" of public disclosure. If, indeed, Defendants intend to introduce such evidence by unknown means it is wholly unfair to attempt to limit Relator to his affirmative presentation without the ability to probe the disclosure allegations of Defendants—both new and old.

**C. Identification of the precise instances of alleged public disclosure alleged by Defendants has been an elusive goal. The instant motion further advances that apparent goal.**

The Court should recall that in the course of this litigation Defendants have adopted several theories of public disclosure including the ludicrous notion that the very act of submission of a false claim to the government constituted public disclosure thus obviating any cause of action.

This "shadow boxing" continues with the revelation that mysterious new instances of public disclosure will be revealed at hearing.

Now, by this motion, Defendants seek to avoid the qualification and quantification of the alleged instances of public disclosure upon which, in part, their motion to dismiss is based.

**D. <u>The testimony of Attorney O'Brien or another is necessary to enter into evidence not only the source of the proffered examples of "public disclosure" but the scope of search as well.</u>**

Defendants omit to inform the Court that Relator asked that this piece of evidence be deal with either by a substitute witness or by stipulation. Both alternatives were rejected, however.

Attorney was designated as affiant by Defendants in these proceedings. His affidavit testimony has been accepted implicitly as the Court has dealt for more than two years with the issue of public disclosure. Now that the public disclosure assertions of Defendants are now to be subject to scrutiny such testimony or that of a substitute is objectionable and stipulation is not agreeable. This is a continuation of avoidance of the details of the public disclosure assertions made in these proceedings.

Moreover, counsel for Defendants has indicated that the only witness he may call is counsel for Relator to testify regarding the investigation undertaken by Relator. Attorney Blais will enthusiastically make himself available for such testimony.

**E. <u>Defendants have made no argument regarding Fed. R. Civ. Pro. 26(c) except to summarily conclude that testimony will somehow cause "annoyance, embarrassment, oppression, or undue burden or expense." Def's Memo, 5-6.</u>**

The applicable standard at bar is to balance the effect upon the witness against the detriment to be imposed against the seeking party, herein Relator.

"Under the balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party. Trial preparation and defense are important issues, which must not be

unnecessarily infringed." (footnotes omitted) 6-26 Moore's Federal Practice - Civil § 26.101

Defendants have left the Court to guess at the nature of the difficulty they are to encounter to appear in Court and testify briefly regarding the so-called public disclosures they have asserted in this Court for the past two years.

To the contrary, the interests of Relator, as explained herein, will be irreparably harmed if he is not allowed to test the assertions made by Defendants as part of his case to establish, firmly and finally, the jurisdiction of this court.

## ***Conclusion***

Relator fully understands his obligation to demonstrate to the Court how the subject lawsuit was engendered in accord with the False Claims Act. However, as part of that effort, in fulfillment of his burden, Relator wishes to challenge the assertions made in this Court that would deprive the Court of jurisdiction. The Defendants would have Relator limit his presentation merely to his acts and processes. However, it is improper for these Defendants to make amorphous representations regarding their alleged public disclosure of the allegations contained in Relator's Complaint and to now attempt to preclude Relator from showing the falsity of such assertions.

For the reasons set forth herein, Defendants motion should be denied.

Respectfully Submitted,

United States of America, *ex rel*
GORDON F.B. ONDIS
By his Attorneys,

/s/ David C. Clarke
David C. Clarke, Esq. (#6376)
BLAIS CUNNINGHAM
& CROWE CHESTER
150 Main Street, P.O. Box 1325
Pawtucket, Rhode Island 02862
(401) 723-1122 (tel)
(401) 726-6140 (fax)
dclarke@blaislaw.com

/s/ Leon A. Blais
Leon A. Blais, Esq.,
by *Pro Hac Vice Admission*
BLAIS AND PARENT
20 Cabot Blvd.
Suite 300
Mansfield, MA 02048
508 618-1280
866 329-6175 fax
LBlais@BlaisParent.com

**Certification**

This document was filed using the Court's ECF system. All counsel of record were thereby served. Copies of this document are available by means of the Court's PACER system.

/s/ Leon A. Blais

Leon A. Blais