UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA
ex rel. GORDON F.B. ONDIS,

Plaintiff,

v. C.A. No. 07-0150T

CITY OF WOONSOCKET, RHODE ISLAND
And SUSAN D. MENARD, in her capacity as
Mayor of the city of Woonsocket, Rhode Island
et al,

Defendants.
________________________________________/

**OBJECTION TO AND MOTION TO QUASH SUBPOENA**

Pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), Willard Rappleye and Media General Operations, Inc. d/b/a WJAR-TV (collectively referred to as "WJAR") object to a subpoena that seeks privileged newsgathering information and move this Court to quash the subpoena. As grounds for this motion, WJAR states:

1. The service of the subpoena was deficient because Rappleye was not personally served with the subpoena.

2. The subpoena form was deficient because the name of the subpoenaed individual was incorrect and the case number was incorrect.

3. Rappleye has a privilege not to testify under both the First Amendment and Federal Rule of Evidence 501.

A Memorandum of Law in support of this Motion is filed herewith.

WHEREFORE, WJAR objects to the subpoena and respectfully requests that this Court enter an order quashing the subpoena.

WILLARD RAPPLEYE and
MEDIA GENERAL OPERATIONS, INC.
d/b/a WJAR-TV

By their attorneys,

/s/ Deming E. Sherman

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

March 11, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March, 2008, a true and correct copy of the foregoing was sent by electronic means (ECF) to the following counsel of record:

- **Leon A. Blais**
  lblais@blaisparent.com
- **David C. Clarke**
  dclarke@blaislaw.com
- **Christopher Lambert**
  amathews@woonsocketri.org,clambert@woonsocketri.org
- **John P McAdams**
  john.p.mcadams@usdoj.gov,nancy.a.diquinzio@usdoj.gov,sandra.mascola@usdoj.gov,lindsay.beltzer@usdoj.gov,linda.mazmanian@usdoj.gov
- **Justin P. O'Brien**
  jobrien@dwyercollora.com

and by mail to the following counsel of record:

Howard R Croll, Esq.
Fontaine & Croll
34 Hamlet Avenue
Woonsocket, RI 02895-4493

Thomas E. Dwyer, Jr., Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA 02110

Michael B. Galvin, Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue – 12th Fl.
Boston, MA 02210-1122

/s/ Deming E. Sherman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA
*ex rel.* GORDON F.B. ONDIS,

Plaintiff,

v. C.A. No. 07-0150T

CITY OF WOONSOCKET, RHODE ISLAND
and SUSAN D. MENARD, in her capacity as
Mayor of the city of Woonsocket, Rhode Island
et al,

Defendants.
_______________________________________/

**MEMORANDUM OF LAW IN SUPPORT OF
OBJECTION TO AND MOTION TO QUASH SUBPOENA**

Pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), Willard Rappleye and Media General Operations, Inc. d/b/a WJAR-TV (collectively referred to as "WJAR") hereby submit this Memorandum of Law in support of their Objection to and Motion to Quash Subpoena.

Background

Relator, Gordon F. B. Ondis ("Ondis" or "Relator") filed suit on behalf of the United States against the City of Woonsocket and its Mayor, Susan Menard in her official capacity under the Federal False Claims Act, 31 U.S.C. § 3729, *et seq*. A False Claims Act will stand, among other things, where a person knowingly makes a false statement in an effort to get an application for funding by the United States government approved. 31 U.S.C. § 3729(a)(2). This case is based upon numerous, allegedly false statements made in the applications by the City for Community Development Block Grants ("CDBG") through the United States

Department of Housing and Urban Development ("HUD") in an effort to get federal funding related to affordable housing.

On or about February 15, 2008 Rappleye received, through an intermediary, a subpoena for his testimony at an evidentiary hearing to be held on March 18, 2008 in this case. The purpose of the hearing is for the Court to hear evidence related to the issue of subject matter jurisdiction. According to the subpoenaing attorney, Lee Blais, the testimony sought pertains to the availability of HUD applications at the Woonsocket public library during portions of 2006. Blais believes that WJAR did a broadcast story regarding an unsuccessful effort by Rappleye to access a particular document in the HUD applications at the Woonsocket public library. In fact, the tip to check the library for the document came from Blais. In an effort to reach a possible compromise relating to the subpoena, WJAR undertook a three-week, exhaustive search of its archives for broadcast footage which Blais and Ondis believe was aired at some point from April through June 2006. If the footage was located, Blais was willing to accept a copy of the footage with an affidavit of authenticity in lieu of testimony if the defense counsel was agreeable. The search was unsuccessful. Neither Rappleye nor WJAR-TV knows for sure if a story was in fact broadcast which included discussion of research at the library by Rappleye.

## Argument

### I. Service of the Subpoena was Insufficient and the Subpoena is Invalid.

Rule 45(b)(1) requires that a subpoena for a nonparty must be personally delivered. In this case, the subpoena was not served on Rappleye personally, but instead was served on an administrative assistant, Auri Ruela, at WJAR-TV. Therefore, this subpoena must be quashed. See e.g., Firefighters' Inst. For Racial Equality v. City of St. Louis, 220 F.3d 898, 903 (8th Cir. 2000) (affirming quashing of subpoenas to non-parties by facsimile and regular mail); but see

e.g., Doe v. Hersemann, 155 F.R.D. 630, 630-31 (N.D. Ind. 1994) (permitting service via certified mail).

The subpoena is also invalid because Rule 45(a)(1)(B) requires that, among other things, the subpoena contain the civil action number. In this case, the subpoena contains an incorrect civil action number. Therefore, this subpoena must be quashed due to this defect as well.[1]

## II. The Subpoena Should be Quashed Pursuant to the Federal Reporter's Privilege.

The First Circuit has recognized a qualified, First Amendment privilege which protects reporters such as Rappleye from being called to testify regarding their newsgathering activities.[2] The privilege applies in both civil and criminal cases and to both confidential and nonconfidential information. Cusumano v. Microsoft Corp., 162 F.3d 708, 715 (1st Cir. 1998); United States v. LaRouche Campaign, 841 F.2d 1176, 1181 (1st Cir. 1988); Bruno & Stillman, Inc. v. Globe Newspaper Co., 633 F.2d 583, 596 (1st Cir. 1980); United States v. Shay, Crim. A. No. 92-10369-2, 1993 WL 263493, at *1 (D. Mass. June 30, 1993).

When faced with an assertion of reporter's privilege, the initial inquiry a court must make is to determine if the claim asserted in the underlying case is frivolous and if the plaintiff "can

[1] The subpoena also listed the individual being subpoenaed as William Rappleye. Mr. Rappleye's first name is Willard.

[2] Courts in the First Circuit have recognized that the protection provided to reporters under the First Amendment may or may not be a privilege, but have determined that the categorization is "largely a question of semantics." Bruno & Stillman, Inc. v. Globe Newspaper Co., 633 F.2d 583, 595 (1st Cir. 1980); see also, Cusumano v. Microsoft Corp., 162 F.3d 708, 716 (1st Cir. 1998); United States v. LaRouche Campaign, 841 F.2d 1176, 1181 (1st Cir. 1988). As such, throughout this memorandum, the protection will be referred to as a privilege for the sake of consistency. Furthermore, Federal Rule of Evidence 501 also supports application of a privilege in this case. See Bruno & Stillman, Inc., 633 F.2d at 596; Holton v. Rothschild, 108 F.R.D. 720, 722 (D. Mass. 1985). See also, Jaffee v. Redmond, 518 U.S. 1 (1996) (creating a test for recognition of privileges under Federal Rule of Evidence 501); The New York Times Co. v. Gonzales, 459 F.3d 160, 169 (2d Cir. 2006) (recognizing that a distinct privilege for reporters may exist under Federal Rule of Evidence 501 utilizing the Jaffee framework).

establish jury issues on the essential elements of [his] case not the subject of the contested discovery." Bruno & Stillman, 633 F.2d at 597. The materials subpoenaed must also be "directly relevant" to the claim in question. In re Special Proceedings, 373 F.3d 37, 45 (1st Cir. 2004). In this case, the testimony sought is not "directly relevant" to the two questions this Court seeks to have addressed at the forthcoming evidentiary hearing - specifically, whether public disclosures preclude subject matter jurisdiction and whether Ondis is an "original source" as that term is defined in 31 U.S.C. § 3730(e)(4)(B). Any testimony related to an inquiry by Rappleye regarding the availability of a certain document at the Woonsocket public library has no bearing on - and is not relevant to - the issues presently before the Court. If the testimony sought is not "directly relevant," the subpoena should be quashed and the Court need not engage in the balancing test.

If this threshold inquiry is satisfied, the Court then must engage in a balancing test to determine if the motion will be granted. E.g., Cusumano, 162 F.3d at 716. It is only where the interests in disclosure outweigh the interests in protection that a court is justified in denying a motion to quash.

The interests that favor protecting a journalist's newsgathering information include, among other things, "the threat of administrative and judicial intrusion into the newsgathering and editorial process; the disadvantage of a journalist appearing to be an investigative arm of the judicial system or a research tool of government or of a private party, … and the burden on journalists' time and resources in responding to subpoenas." LaRouche, 841 F.2d at 1182 (internal quotation marks omitted). The encroachment of litigants upon the rights of journalists through subpoenas and other discovery devices is "a lurking and subtle threat…." Id. These interests are constitutional in magnitude and firmly grounded in the First Amendment and the

protection it provides to reporters. Of course, these factors all weigh heavily in favor of granting this motion to quash.

The threat to Rappleye's First Amendment rights in this case is especially troublesome. Giving a tip to a reporter to prompt an investigation so that the reporter could be called to testify in a pending or looming case is exactly the type of behavior that the reporter's privilege is designed to protect against. Permitting the subpoena to stand would turn Rappleye into a research tool for Ondis, which is a grave concern under the First Amendment. Such behavior should certainly not be rewarded by forcing Rappleye to testify in this case. It is also contrary to the First Amendment to intrude into Rappleye's newsgathering process by forcing him to testify.

It will also be a burden on WJAR's time and resources for Rappleye to testify at the evidentiary hearing. This burden is amplified because WJAR is not a party to the litigation in question. Indeed, "[n]on-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." Cusumano, 162 F.3d at 717.

Weighed against the substantial interests in protecting WJAR's newsgathering information, this Court must next consider Ondis' interest in disclosure. Ondis, however, cannot overcome the interests established by WJAR and the need to protect its newsgathering information.

Whatever interest Ondis may assert in seeking Rappleye's testimony is diminished because this is a civil case and not a criminal case. In re Special Proceedings, 291 F. Supp. 2d 44, 53 (D. R.I. 2003). Indeed, here there are no Fifth and Sixth Amendment rights to trump the significant First Amendment rights of WJAR. LaRouche, 841 F.2d at 1182.

More importantly, there are factors that affirmatively show that Ondis is not entitled to compel Rappleye's testimony. The First Circuit has held that "disclosure may be denied where the same information is readily available from a less sensitive source." In re Special Proceedings, 373 F.3d at 45. In other words, before seeking privileged information from WJAR, Ondis must first exhaust likely available sources. In this case, whatever testimony is sought from Rappleye may very well be available from less sensitive sources. For example, because the testimony sought by Ondis relates to what was or was not at the Woonsocket public library, the librarians charged with maintenance of the particular files in question are a logical alternative source, as are the City officials charged with placing the documents in the library's collection. Likewise, if a paralegal, or for that matter any other individual, viewed the file in question to check the documents included within it, those individuals are alternative sources for the testimony sought. Because Ondis has not exhausted likely alternative sources for the information he seeks from WJAR, the subpoena should be quashed for this reason alone. See Holton v. Rothschild, 108 F.R.D. 720, 722 (D. Mass. 1985) (holding that a possible plaintiff's attorney in a class action case was an alternative source that would support a motion to quash predicated upon the reporter's privilege).

In addition to exhausting alternative sources, Ondis must also demonstrate that the requested information goes "to the heart of the entire case." Id. In other words, the Court should evaluate if the party seeking disclosure has a compelling need for the information. See In re Special Proceedings, 291 F. Supp. 2d at 57-58; see also, LaRouche, 841 F.2d at 1183 (limiting disclosure to materials that "would, in fact, be of significant utility" to the party seeking disclosure). In In re Special Proceedings, the Court held that there was "a compelling need to learn the identity of [the reporter's] source because it further appears that this information would

provide the only means for determining who, if anyone, should be charged with criminal contempt." Id. at 57. Thus, the criminal contempt case would rise or fall based upon the release of the information sought. That is not the case here.

Ondis' claim that the Court has subject matter jurisdiction and that he is a permissible *qui tam* relator does not rise or fall on Rappleye's testimony. The two key questions are whether public disclosure occurred that would preclude suit under the False Claims Act and whether Ondis is an original source as that term is defined in 31 U.S.C. § 3730(e)(4)(B). There is no compelling need for Rappleye's testimony on either question. Rappleye's inquiry regarding the availability of a certain document at the Woonsocket public library is not the type of testimony that will make or break Ondis' case. Because Ondis cannot establish a sufficient need for the testimony sought from Rappleye, the subpoena should be quashed.

## Conclusion

There are significant First Amendment interests that protect WJAR's newsgathering information. Ondis cannot overcome these interests because the information he seeks from WJAR is available from alternative sources and because he cannot demonstrate a compelling need for the information. The balancing of interests under the First Circuit's reporter's privilege clearly favors protecting WJAR's privileged newsgathering information. Therefore, the subpoena should be quashed.

Respectfully submitted,

WILLARD RAPPLEYE and
MEDIA GENERAL OPERATIONS, INC.
d/b/a WJAR-TV

By their attorneys,

/s/ Deming E. Sherman
Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

March 11, 2008

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of March, 2008, a true and correct copy of the foregoing was sent by electronic means (ECF) to the following counsel of record:

- **Leon A. Blais**
  lblais@blaisparent.com
- **David C. Clarke**
  dclarke@blaislaw.com
- **Christopher Lambert**
  amathews@woonsocketri.org,clambert@woonsocketri.org
- **John P McAdams**
  john.p.mcadams@usdoj.gov,nancy.a.diquinzio@usdoj.gov,sandra.mascola@usdoj.gov,lindsay.beltzer@usdoj.gov,linda.mazmanian@usdoj.gov
- **Justin P. O'Brien**
  jobrien@dwyercollora.com

and by mail to the following counsel of record:

Howard R Croll, Esq.
Fontaine & Croll
34 Hamlet Avenue
Woonsocket, RI 02895-4493

Thomas E. Dwyer, Jr., Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA 02110

Michael B. Galvin, Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue – 12th Fl.
Boston, MA 02210-1122

/s/ Deming E. Sherman