UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* GORDON F.B. ONDIS<br><br>Plaintiff / Relator,<br><br>vs.<br><br>CITY OF WOONSOCKET, RHODE ISLAND;<br>and SUSAN D. MENARD, in her capacity as<br>Mayor of the City of Woonsocket, Rhode Island<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-150T |

**MEMORANDUM OF LAW IN SUPPORT OF RELATOR'S MOTION IN LIMINE TO BAR ADMISSION OF EVIDENCE BY JUDICIAL NOTICE**

Relator Gordon F.B. Ondis ("Relator") submits this Memorandum of Law in support of his Motion in Limine to Bar Admission Evidence By Judicial Notice.

INTRODUCTION

Relator was informed through counsel that Defendants intend to introduce "newspapers or other sources that don't require authentication, and of which the court can take judicial notice" at the hearing scheduled for Tuesday, March 18, 2008. This information was contained in an e-mail sent to counsel for Relator on March 11, 2008. Relator objects to judicial notice of these "newspapers or other sources" for the reasons outlined below.[1]

[1] Pursuant to Federal Rule of Evidence 201(e), Relator previously requested by motion an opportunity to be heard on his objection to the introduction and judicial notice of "newspapers and other sources" in these.

ARGUMENT

**I. THE EVIDENCE PROFFERED BY THE DEFENDANTS ARE NOT GENERALLY KNOWN AND ARE NOT CAPBABLY OF ACCURATE AND READY DETERERMINATION.**

Although counsel for Defendants have refused to divulge or confirm the specific nature of the materials to be offered for judicial notice, they have advised only that the such material consists of "newspapers or other sources." Relator anticipates that these "newspapers and other sources" in fact consist of approximately eleven articles printed from *The Woonsocket Call* website that the Defendants will proffer to challenge the subject matter jurisdiction of this court on the basis that the false statements alleged in Relator's complaint were publicly known.[2] These materials are not the kind of evidence that is generally admissible by judicial notice, and as such, judicial notice of these materials in this case in not appropriate.

Rule 201(b) of the Federal Rules of Evidence describes the kinds of facts of which judicial notice may be taken:

> (b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b). Thus, the court may only take judicial notice of facts that are (1) of common knowledge, (2) settled beyond a reasonable doubt, and (3) of knowledge that exists within the jurisdiction of the court. See generally 29 Am. Jur. 2d Evidence §24.

First, it is difficult, if not impossible, for any of the proffered documents to be generally known within the State of Rhode Island—the territorial jurisdiction of this Court. Woonsocket municipal affairs, particularly those involving grant administration and zoning, are obviously not

[2] These eleven articles were presented by affidavit in this case originally filed in the Massachusetts District Court *United States of America, ex rel. et al v. City of Woonsocket Rhode Island et al*, 05-cv-10312-MLW, Mass. Dist. Ct. (Boston) (Doc. #28, *Aff. Justin P. O'Brien, Esq. in Supp. Mot. Dismiss*).

of statewide interest. As the evidence proffered by the Defendants consist exclusively of articles that purport to publicize the affairs of the City of Woonsocket that pertain to this case, these documents cannot be considered facts generally known.

Second, “newspapers or other sources,” as proffered by the Defendants, are not capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned. Mere examination of any one newspaper article fails to disclose whether the article was published in a city edition, a suburban edition, an early edition, a late edition, any or all of these, and whether it was subject to edit in any of these combinations. Indeed, the purported articles at issue here are merely downloaded printouts from a news website. These “paper documents” do not disclose the nature of their publication and dissemination (i.e. by print, electronic or otherwise), nor their “source whose accuracy cannot reasonably be questioned”. In the absence of this information, which by virtue of Rule 201 must be “capable of ready determination,” one cannot draw sufficient inferences as to the authenticity of the proffered evidence.

Typically, facts that may readily determined by an examination of a source whose accuracy cannot be reasonably questioned are irrefutable facts, such as geographical and historic data, and scientific facts that are accepted as irrefutable by the current scientific community. 29 Am. Jur. 2d Evidence, § 34.

By way of example, we have all seen jocular reproductions of legitimate and contrived publications which proclaim friends and relatives as the “greatest” or “most famous” of some ilk. Immediately identifiable as fakes by those featured in these publications, these documents themselves have the appearance of legitimacy. Under the level of scrutiny apparently sought by Defendants, however, such reproductions would pass the test of admissibility.

The Courts which have dealt with this question have largely spurned judicial notice of both the fact or the content of proffered news items.

> That a statement of fact appears in a daily newspaper does not of itself establish that the stated fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2). n6. Nor is this fact "generally known within the territorial jurisdiction of the trial court." Fed.R.Evid. 201(b)(1).

*Cofield v. Ala. Public Service Com.*, 936 F.2d 512, 517 (11th Cir. 1991). Similarly, the printed documents of newspaper articles as proffered by the Defendant are subject to the same scrutiny. In the absence of proper and certain authentication, these "newspapers and other sources" are not subject to judicial notice.

## II. USE OF JUDICIAL NOTICE IS LIMITED BECAUSE THE LAW FAVORS EVIDENTIARY SCRUTINY PARTICULARLY WHEN THE PROFFERED EVIDENCE IS AT THE HEART OF THE PENDING MATTER.

"The traditional approach to taking judicial notice of adjudicative facts has been one of caution. Thus, judicial notice is not appropriate unless the matter is beyond reasonable controversy. Only in clear cases is it fair to dispense with the traditional methods of proof--rebuttal evidence, cross-examination, usually confrontation, and argument, either written or oral or both." 1-201 Weinstein's Federal Evidence § 201. 10 ((citing Rivera-Torres v. Ortiz Velez, 341 F.3d 86, 101 (1st Cir. 2003) (in civil rights action, district court reasonably applied Fed. R. Evid. 201(b) in refusing to take judicial notice that Puerto Rico law bans conversion of transitory government jobs into tenured positions, because court knew from experience that Puerto Rico frequently violated this law, so that instructing jurors about it would have been misleading); Lussier v. Runyon, 50 F.3d 1103, 1105-1106 (1st Cir. 1995) (court erred in taking judicial notice

of disability benefits that plaintiff expected to receive through the Civil Service Retirement System, since amount was disputed)).

In the matter to be dealt with by the Court, the use of judicial notice is to be applied to the very essential question of whether there was public disclosure by proscribed means (if Relator was not an original source). This is not a case of admittance into evidence of some mundane fact. Rather, Defendants seek to shortcut the admission of alleged facts that cut to the heart of their desired disposition of this case.

## III. OFTEN, AS AT BAR, THE JUDICIAL NOTICE WHICH IS SOUGHT IS INAPPROPRIATE BECAUSE THE APPLICATION OF THE ALLEGED FACT IS IN DISPUTE.

> In most cases, there are some underlying facts that are so obvious as to be subject to judicial notice. But this is often of little import ance, because in most cases there is significant dispute between the parties as to whether and how a particular judicially noticed fact would be applicable to the facts of the case. For example, in Wooden v. Missouri Pacific R.R., 862 F.2d 560 (5th Cir. 1989), the plaintiff was exposed to silicon dust while he worked for a Railroad. He contracted silicosis, and sued the Railroad for failing to provide him with a respiratory mask. The plaintiff sought judicial notice of the fact that "it was common knowledge in the late 1950's that working in a cloud of silicon dust without respiratory gear could cause severe lung diseases." The Court held that judicial notice was not required, because the application of the "indisputable" fact was in dispute…
>
> 1-201 Weinstein's Federal Evidence § 201.02

At bar, Defense counsel has indicated that, other than possibly calling Relator's counsel, Defendants will call no witnesses.

Thus, without live testimony, the admission of documents alone will leave significant questions unanswered. For example, how are the Court and Relator to learn which "allegation or transaction"[3] is being addressed?

As the Court is aware, Relator vigorously contends not only that he is an original source but that there has been no public disclosure of the type specified in the statute and, certainly, his suit has not been "based upon" such public disclosure. And, of course, Defendants contend the contrary. How are bald references to judicially noticed materials without testimony to address the substance of Defendants' contention for the past three years that this Court has no subject matter jurisdiction based upon public disclosure contentions.

Judicial notice, in this case, provides no aid to the Court in fairly resolving the questions now pending before it.

## IV. AT A MINIMUM, THE PROVISIONS OF Fed. R. Evid. 901 OUGHT TO APPLY TO DEFENDANTS.

Defendants appear to be attempting to sidestep the rules of evidence by espousing the admission of documents crucial to their defense masquerading as "adjudicative facts" as contemplated in FRE 201.

Alleged newspaper items and other writings are not adjudicative facts. They are documents which ought to be subject to the rules of authentication, at least.

**"**It cannot be gainsaid that documentary evidence must be authentic. The test of authenticity is straightforward: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). See also *United States v. Paulino*,

[3] FCA description of proscribed public disclosure if Relator is not an original source.

13 F.3d 20, 23 (1st Cir. 1994); *United States v. Arboleda*, 929 F.2d 858, 869 (1st Cir. 1991); *United States v. Holmquist*, 36 F.3d 154, 167 (1st Cir. 1994)**.**

Moreover, it might be that the hearsay rules ought also to be applied. While Relator and the Court remain substantially uninformed as to the purpose of admission of the illusory material, if they are offered for their truth, and, therefore, should be excluded under the hearsay rule.

## V. ATTEMPTED USE OF JUDICIAL NOTICE IS YET ANOTHER ATTEMPT BY DEFENDANTS TO AVOID SCRUTINY OF THEIR THREE YEAR OLD CONTENTIONS IN THESE PROCEEDINGS REGARDING PUBLIC DISCLOSURE.

Since the Court announced its desire to take testimony to decide the remaining prong of Defendants' Motion to Dismiss, these Defendants have been committed to a consistent effort to avoid accountability for the falsity of their representations in these proceedings regarding alleged public disclosure of the "allegations and transactions" encompassed in Relator's Complaint.

This effort has consisted of:

1. Attempt to block the testimony of Mayor Menard;
2. Attempt to block the testimony of Planning Director Joel Matthews;
3. Attempt to block the testimony of Assistant Planning Director Paulette Miller;
4. Attempt to block the testimony of Justin O'Brien, Esq.
5. Refusal to provide a substitute witness for Mr. O'Brien;
6. Attempt to avoid any testimony by use of judicial notice;
7. Refusal to designate documents to be introduced at hearing.

This transparent attempt ought not be allowed by the Court.

CONCLUSION

For the reasons set forth herein and to be averred and argued at hearing, Relator prays that his motion be granted.

Respectfully Submitted,

United States of America, *ex rel*
GORDON F.B. ONDIS
By his Attorneys,

/s/ David C. Clarke
David C. Clarke, Esq. (#6376)
BLAIS CUNNINGHAM
& CROWE CHESTER
150 Main Street, P.O. Box 1325
Pawtucket, Rhode Island 02862
(401) 723-1122 (tel)
(401) 726-6140 (fax)
dclarke@blaislaw.com

/s/ Leon A. Blais
Leon A. Blais, Esq.,
by *Pro Hac Vice Admission*
BLAIS AND PARENT
20 Cabot Blvd.
Suite 300
Mansfield, MA 02048
508 618-1280
866 329-6175 fax
LBlais@BlaisParent.com

**CERTIFICATION**

This document was filed using the Court's ECF system. All counsel of record were thereby served. Copies of this document are available by means of the Court's PACER system.

/s/ Leon A. Blais
Leon A. Blais