UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,
*ex rel.* GORDON F.B. ONDIS,
Plaintiff,

v.

CITY OF WOONSOCKET, RHODE ISLAND and SUSAN D. MENARD, in her capacity as Mayor of the City of Woonsocket,
Defendants.

CIVIL NO. 07-CV-00150-T-DLM

**DEFENDANTS' OPPOSITION TO RELATOR'S MOTION IN LIMINE REGARDING JUDICIAL NOTICE OF PUBLIC RECORD**

Defendants hereby oppose Relator's motion in limine (Dkt. 30) to prevent the Court from taking judicial notice of documents in the public record, such as newspaper articles, in relation to Defendants' pending motion to dismiss under the "public disclosure-original source rule" of the False Claims Act, 31 U.S.C. § 3730(e)(4)(a). The Court indicated at the evidentiary hearing on this issue on March 18, 2008, that it would defer ruling on Relator's motion until Defendants submit particular items in the public record for the Court's consideration (and until Relator objects to such items specifically). Defendants submit this opposition simply to elucidate that a court may properly take judicial notice of documents in the public record including newspaper articles on a Fed. R. Civ. P. 12(b) motion, in general, and in resolving subject matter jurisdiction under the public disclosure-original source rule, in particular.

"On a motion to dismiss the Court is free to take judicial notice of certain facts that are of public record if they are provided to the court by the party seeking to have them considered." Am. Glue & Resin, Inc. v. Air Prods. & Chems., Inc., 835 F. Supp. 36, 40 (D. Mass. 1993)

(citation omitted); see Greene v. Rhode Island, 398 F.3d 45, 48-49 (1st Cir. 2005). Thus, "[c]ourts have the power to take judicial notice of the coverage and existence of newspaper and magazine articles" in considering a motion to dismiss. United States ex rel. Lam v. Tenet Healthcare Corp., 481 F. Supp. 2d 673, 680 (W.D. Tex. 2006); see, e.g., Garber v. Legg Mason, Inc., No. 06 Civ. 9436(DC), 2008 WL 697638, at *10 (S.D.N.Y. March 17, 2008) (judicial notice of multiple news articles on motion to dismiss); In re Yukos Oil Co. Sec. Lit., No. 04 Civ. 5243(WHP), 2006 WL 3026024, at *21 & n.10 (S.D.N.Y. 2006) (judicial notice of "wealth of publicly available information" in various news articles on Rule 12(b)(6) motion).

More specifically, courts have repeatedly "taken judicial notice of ... newspaper and magazine articles" in addressing whether there has been "public disclosure" under the public disclosure-original source rule of the False Claims Act. See Lam, 481 F. Supp. 2d at 680 (court taking judicial notice "[p]ursuant to Rule 201(b)" of nine newspaper articles and one industry publication that was "like a newspaper article," as well as prior court records, in relation to defendant's argument that the "transactions underlying Relator's complaint were publicly disclosed" (citing Fed. R. Evid. 201(b))); Bannon v. Edgewater Med. Ctr., 406 F. Supp. 2d 907, 919 & n.16 (N.D. Ill. 2005) (taking judicial notice of magazine article regarding public disclosure issue); United States ex rel. Hunt v. Merck-Medco Managed Care, LLC, 336 F. Supp. 2d 430, 446 & n.12 (E.D. Penn. 2004) (taking judicial notice of newspaper articles purportedly showing that relator's claims "were the subject of prior public disclosures"); United States ex rel. Dingle v. Bioport Corp., 270 F. Supp. 2d 968, 977 n.2 (W.D. Mich. 2003) (noting that court had previously taken judicial notice of magazine article submitted to show public disclosure, even where the article was potentially inaccurate). Defendants attach hereto at Tab A a list of public record materials that they intend to present at the continuation of the evidentiary hearing in this

matter, scheduled for March 25, 2008.

Relator thus has no basis to object to judicial notice of items in the public record in this matter *per se*. Relator's motion to the contrary is simply incorrect.

Respectfully Submitted,
**CITY OF WOONSOCKET, RHODE ISLAND and SUSAN D. MENARD in her capacity as Mayor of the City of Woonsocket,**
By their Attorneys,

/s/ Christopher Lambert___________
Christopher Lambert (No. 4396)
City Solicitor - City of Woonsocket
169 Main Street
Woonsocket, RI 02895
(401) 767-9201 / (401) 769-0316 fax
email: amathews@woonsocketri.org

Michael B. Galvin (Mass. BBO No. 630515)
Admitted *pro hac vice*
Justin P. O'Brien (Mass. BBO No. 658765)
Admitted *pro hac vice*
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA 02210-2211
(617) 371-1000 / (617) 371-1037 fax
email: jobrien@dwyercollora.com

Dated: March 21, 2008

## CERTIFICATE OF SERVICE

I, Christopher Lambert, certify that the foregoing document was filed electronically on March 21, 2008 using the ECF system, through which it is available for downloading and viewing, and was served electronically through ECF on the following counsel of record:

David C. Clarke
Blais Cunningham & Crowe Chester, LLP
150 Main St.
Pawtucket, RI 02860
Email: dclarke@blaislaw.com

Leon A. Blais
Blais, Parent & Quinn
Cabot Business Park, 20 Cabot Blvd.
Mansfield, MA 02048
Email: lblais@blaisparent.com

Milind M Shah
Assistant U. S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Email: milind.shah@usdoj.gov

Denning E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
Email: dsherman@eadplaw.com

/s/ Christopher Lambert_
Christopher Lambert